# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FRANCIS POTTER,                              )
                                             )
                        Plaintiff,           )
                                             )        CIVIL ACTION
v.                                           )
                                             )        No. 11-1377-JWL
MICHAEL J. ASTRUE,                           )
Commissioner of Social Security,             )
                                             )
                        Defendant.           )
_____  )


## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security
(hereinafter Commissioner) denying Supplemental Security income (SSI) under sections
1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 1381a, and
1382c(a)(3)(A) (hereinafter the Act).  Finding error in the Commissioner's reliance on
Plaintiff's noncompliance with treatment, the court ORDERS that the decision is
REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42
U.S.C. § 405(g) REMANDING the case for further proceedings.

## I.    Background

Plaintiff applied for SSI on June 11, 2009, alleging disability beginning August 5,
2005.  (R. 14, 107-10).  The application was denied initially and upon reconsideration,
and Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (R. 14, 50-

51, 62-64).  Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Michael D. Shilling on March 8, 2011.  (R. 14, 24-49).  At the hearing, testimony was taken from Plaintiff and from a vocational expert.  (R. 14, 24-49). On March 24, 2011, ALJ Shilling issued his decision finding that Plaintiff has a severe combination of impairments limiting her residual functional capacity (RFC) such that she is unable to perform any of her past relevant work.  (R. 14-21).  Nevertheless, he determined that when considering Plaintiff's age, education, work experience, and RFC there are a significant number of jobs in the economy that she is able to perform, and he found that Plaintiff is not disabled within the meaning of the Act and denied her application.  (R. 22-23).  Plaintiff sought review of the decision by the Appeals Council, and submitted a Representative Brief to the Council.  (R. 8-10, 225-26).  The Appeals Council made the Representative Brief a part of the administrative record, found that the information in the brief did not provide a basis to change the ALJ's decision, found no reason under Social Security Administration rules to review the decision, and denied Plaintiff's request for review.  (R. 1-5).  Therefore, the ALJ's decision is the final decision of the Commissioner.  (R. 1);  Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II.    Legal Standard

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d

1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C.

§ 405(g)).  Section 405(g) of the Act provides for review of a final decision of the

Commissioner made after a hearing in which the plaintiff was a party.  It also provides

that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by

substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine

whether the factual findings are supported by substantial evidence in the record and

whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084

(10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).

Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such

evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at

1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither

reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v.

Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health &

Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395

F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the

Commissioner's decision is not simply a quantitative exercise, for evidence is not

substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.

Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

    An individual is under a disability only if that individual can establish that she has

a physical or mental impairment which prevents her from engaging in any substantial

gainful activity, and which is expected to result in death or to last for a continuous period

of at least twelve months.  Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting

identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and

1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing same).  Claimant's impairments

must be of such severity that she is not only unable to perform her past relevant work, but

cannot, considering her age, education, and work experience, engage in any other

substantial gainful work existing in the national economy.  42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability.  20

C.F.R. § 416.920 (2010); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing

Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be

made at any of the steps that a claimant is or is not disabled, evaluation under a

subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at

1084).  In the first three steps, the Commissioner determines whether claimant has

engaged in substantial gainful activity since the alleged onset, whether she has a severe

impairment(s), and whether the severity of her impairment(s) meets or equals the severity

of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).

Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses

claimant's RFC.  20 C.F.R. § 416.920(e).  This assessment is used at both step four and

step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--

determining whether claimant can perform past relevant work; and whether, considering

vocational factors of age, education, and work experience, claimant is able to perform

other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).

In steps one through four the burden is on claimant to prove a disability that prevents

performance of past relevant work.  Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show there are jobs in the economy

within Plaintiff's RFC.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims error in the ALJ's credibility evaluation and in his RFC

assessment.  The Commissioner argues that the ALJ properly assessed RFC, including

properly determining credibility, properly accounting for each of Plaintiff's impairments,

and properly evaluating the medical opinions.  The court finds that remand is necessary

because the ALJ improperly relied upon Plaintiff's noncompliance with treatment when

evaluating the credibility of Plaintiff's allegations of symptoms.  Because remand will

necessitate reassessment of Plaintiff's RFC, including evaluation of the credibility of

Plaintiff's allegations, evaluation of the medical opinions, and evaluation of the evidence

relating to Plaintiff's impairments, the court will not address Plaintiff's additional

arguments with regard to these issues, and Plaintiff may present them to the

Commissioner on remand.

## III.    Credibility Determination

Plaintiff argues that in finding Plaintiff's allegations of disabling symptoms not

credible, the ALJ relied, among other factors, on Plaintiff's stopping her depression

medication, not completing physical therapy, and failing to comply with medical advice

to lose weight and exercise. (Pl. Br. 16-18). She claims this is error because the ALJ

failed to apply the four-part test presented in Thompson v. Sullivan, 987 F.2d 1482, 1490

(10th Cir. 1993), and Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987) (the Frey test),

before relying upon her failure to follow or pursue treatment recommended by her

physicians. (Pl. Br. 16-17). The Commissioner acknowledges that the ALJ found that

Plaintiff "did not always follow her doctors' recommendations for relief of her

symptoms," but argues that Plaintiff's reliance on Thompson and Frey is misplaced

because the ALJ was not considering Plaintiff's failure to follow prescribed treatment, but

was considering the extensiveness of her attempts to obtain relief from her symptoms.

(Comm'r Br. 9-11) (citing Qualls v. Apfel, 206 F.3d 1368, 1372-73 (10th Cir. 2000); and

McAfee v. Barnhart, 324 F. Supp. 2d 1191, 1201 (D. Kan. 2004)). Citing Branum v.

Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004), the Commissioner argues that in any

event the ALJ relied upon numerous factors in addition to Plaintiff's failure to follow

doctors' recommendations, and because the balance of the ALJ's credibility analysis is

supported by substantial record evidence, the court should affirm the credibility

determination. (Comm'r Br. 11-12).

### A.   The ALJ's Credibility Evaluation

As the parties agree, the ALJ found that Plaintiff's allegations of symptoms

resulting from her impairments are not credible. (R. 20). He based this finding upon

several factors. Id. at 20-21. He noted that the functional examinations in the record

have been relatively normal, that Plaintiff's alleged daily activities cannot be objectively

6

verified, and one cannot know whether the alleged limitations are imposed by Plaintiff's

medical condition or are self-imposed.  Id.  As noted above, the ALJ found that Plaintiff

has a history of noncompliance with recommended treatment, including stopping her

depression medication, not completing physical therapy, and not properly exercising or

losing weight.  Id. at 21.  He noted there is no record evidence that Plaintiff's use of a

cane is medically necessary.  Id.  Finally, he noted that the record reveals that Plaintiff

has apparently had the same severity of pain since October 2005, but that she continued to

work through June 2009, suggesting that her pain does not preclude work.  Id.

     **B.**     **Standard for Evaluating Credibility**

An ALJ's credibility determinations are generally treated as binding on review.

Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d

407, 413 (10th Cir. 1983).  "Credibility determinations are peculiarly the province of the

finder of fact" and will not be overturned when supported by substantial evidence.

Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.  Therefore, in reviewing the

ALJ's credibility determinations, the court will usually defer to the ALJ on matters

involving witness credibility.  Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but

see Thompson, 987 F.2d at 1490 ("deference is not an absolute rule").

Plaintiff must demonstrate the error in the ALJ's rationale or finding; the mere fact

that there is evidence which might support a contrary finding will not establish error in

the ALJ's determination.  "The possibility of drawing two inconsistent conclusions from

the evidence does not prevent an administrative agency's findings from being supported

by substantial evidence.  We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."  Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989) (same) (quoting Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966)).  But, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988); accord, Wilson, 602 F.3d at 1144; Hackett, 395 F.3d at 1173.  Therefore, where the ALJ has reached a reasonable conclusion that is supported by substantial evidence in the record, the court will not reweigh the evidence and reject that conclusion even if the court might have reached a contrary conclusion in the first instance.

Where a claimant has refused treatment recommended, or failed to follow treatment prescribed by her doctor, such a failure may be a factor relevant to the credibility determination.  In such a case, the ALJ must apply the four-part Frey test to determine whether the failure or refusal should be used to suggest incredibility:

> [B]efore the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider "(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse."

Thompson, 987 F.2d at 1490 (quoting Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987)); see also, 20 C.F.R. §§ 404.1530, 416.930 ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled.").

### C.      Analysis

As the parties agree, Plaintiff did not always follow her doctors' recommendations with regard to medication, physical therapy, and exercise and weight loss.  Plaintiff argues that her noncompliance is justified because she could not afford treatment and because the ALJ cited no evidence that exercise and weight loss would restore Plaintiff's ability to work.  She argues that the ALJ erred in failing to apply the Frey test.  The Commissioner argues that the ALJ need not apply the Frey test here because he never found Plaintiff was unable to work so he did not need to consider whether the recommended treatment would restore her ability to work, but he was simply relying upon a finding that Plaintiff's symptoms must not be so severe as alleged because she did not seek treatment to alleviate them.

The Frey test is applicable both where an ALJ is denying benefits, and where he is evaluating the credibility of the claimant's allegations.  Goodwin v. Barnhart, 195 F. Supp. 2d 1293, 1295 (D. Kan. 2002) (citing Thompson, 987 F.2d at 1490; Ragland v. Shalala, 992 F.2d 1056, 1059-60 (10th Cir. 1993)).  As the Commissioner suggests, the Tenth Circuit has held that the Frey test is not required in all situations.  However, the Commissioner misses the significant fact that the test will not be applied only where treatment has not been prescribed or recommended, and where the ALJ is simply

9

considering "what attempts plaintiff made to relieve [her symptoms] . . . in an effort to evaluate the veracity of plaintiff's contention that [her symptoms were] so severe as to be disabling." Qualls, 206 F.3d at 1372 (citing Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991); Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987)); see also Allen v. Apfel, No. 99-3249, 2000 WL 796081 (10th Cir. June 21, 2000); Billups v. Barnhart, 322 F. Supp. 2d 1220, 1226 (D. Kan. 2004).

The Qualls court found the Frey test inapposite "because Frey concerned the circumstances under which an ALJ may deny benefits because a claimant has refused to follow prescribed treatment." Id. 206 F.3d at 1372 (emphasis added). The court explained its finding:

> The ALJ [in Qualls] did not purport to deny plaintiff benefits on the ground he failed to follow prescribed treatment. Rather, the ALJ properly considered what attempts plaintiff made to relieve his pain--including whether he took pain medication--in an effort to evaluate the veracity of plaintiff's contention that his pain was so severe as to be disabling.

Id.

The court agrees with the opinion of Judge Crow, who synthesized the cases of Thompson and Qualls in 2002. Goodwin, 195 F. Supp. 2d at 1296:

> The court has no trouble reading Qualls so as to be consistent with Thompson. The claimant in Qualls argued "that the ALJ erred in relying on plaintiff's failure to take medication for severe pain" because there was evidence that he took pain pills from friends and because the ALJ did not have the evidence necessary to consider the Frey factors. 206 F.3d at 1372. As the Tenth Circuit observed, the credibility issue in Qualls was not whether the claimant had refused to follow prescribed treatment but whether he had attempted to relieve his pain, "including whether he took pain medication." Id. Thus, the panel in Qualls did not consider the rule

from Thompson, as the ALJ had not denied benefits because the claimant
had refused "to follow prescribed treatment."  Id.

Id. 195 F. Supp. 2d at 1296.

The treatment with which the ALJ found Plaintiff was noncompliant in this case--
stopping her depression medication, not completing physical therapy, and not properly
exercising or losing weight--was all treatment which had been prescribed (or at least
recommended) by her treating doctors.  Because the ALJ found that Plaintiff was
noncompliant with prescribed or recommended treatment and used that finding in his
credibility determination, it was necessary for the ALJ to apply the Frey test in his
credibility determination.  He failed to do so, and that failure is error requiring remand.

The Commissioner's reliance on McAfee does not require a different result.  That
court found no error because "Plaintiff did not present any evidence that the ALJ relied
on Plaintiff's failure to pursue a particular treatment [ ], and therefore the ALJ need not
apply the Frey test."  McAfee, 324 F. Supp. 2d at 1201.  Here, Plaintiff provided such
evidence.  The Commissioner's reliance on Branum is also misplaced.  In the facts of this
case, the court cannot find that the balance of the ALJ's credibility analysis is supported
by substantial record evidence despite the failure to consider the Frey test in evaluating
Plaintiff's noncompliance with prescribed or recommended treatment.

Because a credibility assessment requires consideration of all the factors "in
combination," [] when several of the factors relied upon by the ALJ are
found to be unsupported or contradicted by the record, [a court is]
precluded from weighing the remaining factors to determine whether they,
in themselves, are sufficient to support the credibility determination.

11

Bakalarski v. Apfel, No. 97-1107, 1997 WL 748653, *3 (10th Cir. Dec. 3, 1997)

(emphasis in original)(quoting Huston, 838 F.2d at 1132 n.7 (citation omitted)).

**IT IS THEREFORE ORDERED** that the Commissioner's decision is

REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings.

Dated this 13th day of November 2012, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

12